UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| DIANA REYNA VILLA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>　　　　Defendant. | Case No. EDCV 14-01609-GJS<br><br>MEMORANDUM OPINION AND ORDER |

## I.　PROCEEDINGS

Plaintiff Diana Reyna Villa ("Plaintiff") filed a complaint seeking review of the Commissioner's denial of her application for Disability Insurance Benefits. The parties filed consents to proceed before the undersigned United States Magistrate Judge, and motions addressing disputed issues in the case (Plaintiff's Brief in Support of Complaint; Defendant's Motion for Summary Judgment; and Plaintiff's Reply). The Court has taken the motions under submission without oral argument.

/ / /

/ / /

## II. BACKGROUND AND SUMMARY OF ADMINISTRATIVE DECISION

Plaintiff asserts disability since June 2, 2010, based primarily on low back problems following a work-related injury. (Administrative Record ("AR") 32, 162.) Medical records show that Plaintiff received treatment from Dr. Naresh Sharma, an orthopedic surgeon. (AR 755-832, 858-63, 873-80, 882-85, 888-92.) Dr. Sharma diagnosed Plaintiff with lumbar sprain and strain, lumbar degenerative disc disease, chronic lumbar stenosis, lumbar disc protrusion with radiculopathy, and internal derangement of the knee. (AR 777, 782, 787, 792, 801, 805, 809, 875, 878, 883.) In a December 2012 physical capacities evaluation, Dr. Sharma opined that Plaintiff is limited to standing for 1 hour at time, for a total of 1 hour in an 8-hour workday; walking for 1 hour at a time, for a total of 1 hour in an 8-hour a workday; and sitting for 1 hour at time, for a total of 1 hour in an 8-hour workday. (AR 832.) Dr. Sharma further found that Plaintiff cannot use her hands for simple grasping and fine manipulation, and is restricted from activities involving exposure to dust, fumes, and gases. (AR 832.)

The Administrative Law Judge ("ALJ") determined that, although Plaintiff suffered from chronic lumbar sprain/strain, lumbar degenerative disc disease, lumbar radiculopathy, right knee lateral derangement, and obesity, Plaintiff retained the residual functional capacity ("RFC") to perform a limited range of light work.[1] (AR 31-32, 36 (citing 20 C.F.R. § 404.1567(b).) The ALJ found that

---

[1] Specifically, the ALJ found that Plaintiff has the ability to: stand and walk for 15 to 20 minutes at a time, for a total of 6 hours in an 8-hour workday; sit for 30 to 35 minutes at a time with brief position changes, for a total of 6 hours in an 8-hour workday; and bend, stoop, climb stairs, and balance occasionally. (AR 32.) The ALJ further found that Plaintiff must avoid concentrated exposure to vibrations and extremes in temperature and is precluded from the following: working at unprotected heights; being around moving machinery or other hazards; climbing ladders, ropes or scaffolds; pushing/pulling repetitively with the right

Plaintiff's limitations precluded the performance of Plaintiff's past relevant work, but not the performance of certain other jobs. (AR 36-38.)

Plaintiff sought review from the Appeals Council, submitting letters from Plaintiff's counsel, a brief, and an RFC assessment completed by Dr. Sharma in April 2013. (AR 216-19, 886-92.) The Appeals Council considered these additional materials, but denied review. (AR 1-4.)

### III.    STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), the Court reviews the Administration's decision to determine if: (1) the Administration's findings are supported by substantial evidence; and (2) the Administration used correct legal standards. *See Carmickle v. Commissioner*, 533 F.3d 1155, 1159 (9th Cir. 2008); *Hoopai v. Astrue*, 499 F.3d 1071, 1074 (9th Cir. 2007). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420 (1971) (citation and quotations omitted); *see also Hoopai*, 499 F.3d at 1074.

Where, as here, the Appeals Council considered additional material, but denied review, the additional material becomes part of the Administrative Record for purposes of the Court's analysis. *See Brewes v. Comm'r of Soc. Sec. Admin.*, 682 F.3d 1157, 1163 (9th Cir. 2012) ("[W]hen the Appeals Council considers new evidence in deciding whether to review a decision of the ALJ, that evidence becomes part of the administrative record, which the district court must consider when reviewing the Commissioner's final decision for substantial evidence."); *Taylor v. Comm'r of Soc. Sec. Admin.*, 659 F.3d 1228, 1232 (9th Cir. 2011) (courts may consider evidence presented for the first time to the Appeals Council "to determine whether, in light of the record as a whole, the ALJ's decision was

---

lower extremity; and performing jobs requiring hypervigilance or intense concentration on a particular task. (AR 32.)

supported by substantial evidence and was free of legal error"); *Penny v. Sullivan*, 2 F.3d 953, 957 n.7 (9th Cir. 1993) ("the Appeals Council considered this information and it became part of the record we are required to review as a whole").

## IV. DISCUSSION

The ALJ rejected Dr. Sharma's opinion regarding Plaintiff's limitations in standing and walking without stating legally sufficient reasons for doing so. Remand is appropriate.

A treating physician's conclusions "must be given substantial weight." *Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir. 1988); *see Rodriguez v. Bowen*, 876 F.2d 759, 762 (9th Cir. 1989) ("the ALJ must give sufficient weight to the subjective aspects of a doctor's opinion. . . . This is especially true when the opinion is that of a treating physician") (citation omitted). Even where the treating physician's opinion is contradicted, "if the ALJ wishes to disregard the opinion[s] of the treating physician he . . . must make findings setting forth specific, legitimate reasons for doing so that are based on substantial evidence in the record." *Winans v. Bowen*, 853 F.2d 643, 647 (9th Cir. 1987) (citation, quotations and brackets omitted); *see Rodriguez*, 876 F.2d at 762 ("The ALJ may disregard the treating physician's opinion, but only by setting forth specific, legitimate reasons for doing so, and this decision must itself be based on substantial evidence") (citation and quotations omitted); *see also Orn v. Astrue*, 495 F.3d 625, 631-33 (9th Cir. 2007) (explaining that deference still owed to treating physician's opinion even if contradicted by other physician's opinion).

Liberally construed, the ALJ's decision sets forth only two reasons for rejecting Dr. Sharma's opinion regarding Plaintiff's limitations in standing and walking. (AR 34-35.) The Court discusses and rejects each in turn.

First, the ALJ found that Dr. Sharma's opinion "contrasts sharply with the observations" of the examining physician, Dr. Hoang. (AR 35, 750-54.) However,

the contradiction of a treating physician's opinion by another physician's opinion triggers rather than satisfies the requirement of stating "specific, legitimate reasons." *See Valentine v. Commissioner*, 574 F.3d 685, 692 (9th Cir. 2009) ("to reject the opinion of a treating physician 'in favor of a conflicting opinion of an examining physician[,]' an ALJ still must 'make [ ] findings setting forth specific, legitimate reasons for doing so that are based on substantial evidence in the record'") (quoting *Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002)); *Winans*, 853 F.2d at 647; *Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1995). The ALJ's simple reference to Dr. Hoang's contrary findings does not justify rejection of Dr. Sharma's opinion.

Second, the ALJ asserted that a number of restrictions assessed by Dr. Sharma were "not explained or otherwise supported by the examination findings of record." (AR 35.) This reason is impermissibly vague with regard to Plaintiff's limitations in standing and walking, as the ALJ did not specify how the treatment record was inconsistent with Dr. Sharma's findings. *See, e.g., McAllister v. Sullivan*, 888 F.2d 599, 602 (9th Cir. 1989) ("broad and vague" reasons for rejecting the treating physician's opinions do not suffice); *Embrey*, 849 F.2d at 421 ("[t]o say that the medical opinions are not supported by sufficient objective findings or are contrary to the preponderant conclusions mandated by the objective findings does not achieve the level of specificity our prior cases have required"). Moreover, the ALJ's assertion that Dr. Sharma's opinion was unsupported by the objective medical evidence is not entirely accurate. Dr. Sharma's records indicate Plaintiff has a history of severe back pain, antalgic gait, positive test results (Lasegue's sign, Patrick's sign, straight leg raising, and sciatic stretch), and significant MRI findings.[2] (AR 776-77, 781, 786, 795-96, 800-01, 804, 808, 813,

---

[2] A March 2012 MRI of Plaintiff's lumbar spine showed a 9 millimeter posterior disc protrusion and retrolisthesis causing mild to moderate bilateral foraminal stenosis at L5-S1, a 4 millimeter posterior disc protrusion with mild right

5

817, 821-22, 825, 829, 833-34, 874-75, 878, 883.)  Thus, this second reason was not a legitimate basis for rejecting Dr. Sharma's findings regarding Plaintiff's ability to stand and walk.

Defendant suggests that the ALJ properly rejected Dr. Sharma's opinion because it was a one-page, checklist form with no independent notations or medical support.  (ECF No. 15 at 3-5).  However, the ALJ did not identify this rationale to support his findings.  The Court may not rely on reasons the ALJ did not provide to affirm the ALJ's decision.  *See Connett v. Barnhart*, 340 F.3d 871, 874 (9th Cir. 2003) ("We are constrained to review the reasons the ALJ asserts"); *Pinto v. Massanari*, 249 F.3d 840, 847 (9th Cir. 2001) (noting that the Court "cannot affirm the decision of an agency on a ground that the agency did not invoke in making its decision").[3]

---

foraminal stenosis at L2-3, a 6 millimeter posterior disc protrusion indenting the anterior thecal sac at L1-2, and a 4 millimeter posterior disc protrusion at T11-12.  (AR 833-34.)

[3] The Court notes that the ALJ did provide adequate reasons for rejecting other restrictions identified by Dr. Sharma.  For example, the ALJ correctly observed that Dr. Sharma's opinion that Plaintiff could not perform simple grasping and fine manipulation, and must avoid exposure to dust, fumes and gases was unsupported by the treatment record.  (AR 35.)  Dr. Sharma's notes do not mention any conditions that would limit Plaintiff's use of her hands or her ability to be exposed to irritants.  An ALJ may discredit a treating physician's opinion that is "conclusory, brief, and unsupported by the record as a whole . . . or by objective medical findings."  *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004); *see Connett*, 340 F.3d at 875 (treating physician's opinion properly rejected where the physician's treatment notes "provide no basis for the functional restrictions he opined should be imposed on [the claimant]")).

Further, as to Plaintiff's ability to sit, the Court finds that the ALJ properly rejected Dr. Sharma's restrictive opinion that Plaintiff was limited to 1 hour of sitting in a workday, as inconsistent with Plaintiff's admission about her activities.  (AR 35.)  A material inconsistency between a treating physician's opinion and a claimant's admitted level of daily activities can furnish a specific, legitimate reason for rejecting a treating physician's opinion.  *See, e.g., Rollins v. Massanari*,

## V. CONCLUSION AND ORDER

The decision whether to remand for further proceedings or order an immediate award of benefits is within the district court's discretion. *Harman v. Apfel*, 211 F.3d 1172, 1175-78 (9th Cir. 2000). When no useful purpose would be served by further administrative proceedings, or where the record has been fully developed, it is appropriate to exercise this discretion to direct an immediate award of benefits. *Id.* at 1179 ("the decision of whether to remand for further proceedings turns upon the likely utility of such proceedings"). But when there are outstanding issues that must be resolved before a determination of disability can be made, and it is not clear from the record the ALJ would be required to find the claimant disabled if all the evidence were properly evaluated, remand is appropriate. *Id.*

The Court finds that remand is appropriate because the circumstances of this case suggest that further administrative review could remedy the ALJ's errors. *See INS v. Ventura*, 537 U.S. 12, 16, 123 S. Ct. 353 (2002) (upon reversal of an administrative determination, the proper course is remand for additional agency investigation or explanation, "except in rare circumstances"); *Treichler v.*

---

261 F.3d 853, 856 (9th Cir. 2001). At the administrative hearing, Plaintiff admitted that she goes to the theater to watch movies. (AR 61-62.) Plaintiff described the theater chairs as "[v]ery comfortable," and explained that she normally sits behind an empty chair, in case she needs to elevate and stretch out her leg. (AR 62.) Based on this testimony, the ALJ reasonably concluded that the extreme sitting limitation assessed by Dr. Sharma appeared to be inconsistent with Plaintiff's admitted activity of going to the movies. *Rollins*, 261 F.3d at 856. Moreover, the Court notes that Dr. Sharma's RFC assessment completed in April 2013, conflicts with his earlier findings. (AR 888-92.) Contrary to his previous opinion, Dr. Sharma asserted that Plaintiff could sit for 2 hours in an 8-hour workday. (AR 890.) Although this assessment was issued after the ALJ's decision, it reflects that Dr. Sharma treated Plaintiff since at least 2010 and is relevant to Plaintiff's ability to sit during the period at issue. *See Brewes*, 682 F.3d at 1163. Thus, in light of the record as a whole, the ALJ's decision to reject Dr. Sharma's opinion regarding Plaintiff's limitation in sitting was supported by substantial evidence. *See Taylor*, 659 F.3d at 1232.

7

*Commissioner*, 775 F.3d 1090, 1101 (9th Cir. 2014) (remand for award of benefits is inappropriate where "there is conflicting evidence, and not all essential factual issues have been resolved"); *Harman*, 211 F.3d at 1180-81.  It is not clear that the ALJ would be required to find Plaintiff disabled even if Dr. Sharma's medical opinion regarding Plaintiff's ability to stand and walk were fully credited.  *See Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014) (court will credit-as-true medical opinion evidence only where, inter alia, "the record has been fully developed and further administrative proceedings would serve no useful purpose").

    IT IS THEREFORE ORDERED that Judgment be entered reversing the Commissioner's decision and remanding this matter for further administrative proceedings consistent with this Memorandum Opinion and Order.

DATED: June 15, 2015     _____
                                           GAIL J. STANDISH
                                           UNITED STATES MAGISTRATE JUDGE